The opinion of the Court was delivered by
Johnston, J.
Had the limitation, after Mrs. Adams’life, been to a stranger instead of her husband, and, upon his death, then over to her heirs, it would, since Tompkins vs. Rochelle, 1 Strob. Eq., 114, Seabrook vs. Seabrook, and many other cases, scarcely have been doubted in this State, that the husband must come in among those entitled to succeed under this designation.
Nor is it doubtful, under Hicks vs. Pegues, Buist vs. Dawes, 4 Rich. Eq., 413, and other cases, to the same effect, that a class of persons, designated to take as heirs of a given individual, became fixed and ascertained, and their interests vested at the death of that individual; so that if they should afterwards die before the time assigned for their enjoyment of their interests, these interests would be transmitted from themselves, as a new stock.
The conclusion to be naturally drawn from these principles, would seem to be, that, under this deed, the husband, in addition to the provision made for him, as survivor of his wife, took an interest along with her distributees, upon her death; an interest, which, when it became vested in him, became of value, and might have been aliened, either along with his life estate or separately.
*268 These interests were cumulative.
But though these positions seem clear, it has been conceived that to allow the husband to take as heir would defeat the intention of the parties to the deed. The intention of parties is not so much to be conjectured, as derived, by construction, from their words. In this case, it has been argued that it was not intended to provide for the husband under the description of heir, because he was provided for under another designation. But it will hardly do to blot out one express provision, because there is another.express provision. It seems to be going too far to make the husband’s exclusion or inclusion depend upon the- fact that provision has been made for him, unless we can be certified that th,at provision was intended to exclude all further provision ; and h.ow can we know that, in the face of express words, that do include him ?• How can we know, in the absence of language to inform us, that the words, heirs of the wife, were not intended to have their natural meaning, and designate heirs living at her death, but those living at her husband’s death? Do they mean the one or the other, according as the husband is or is not provided for ?
I should draw a different inference as to the intention ; an inference that heirs at her death were contemplated, from the fact that the deed, on its face, provides an alternative which must then take effect, either in those who were then to take from the wife by testament or by intestacy.
It is ordered, that the decree be reformed according to these views; and that the distribution be made accordingly. The provision, in the decree, as to costs, to remain unaffected by this judgment.
Wardlaw, J., concurred.
O’Neall, C. J. I concur in Chancellor Dunkin’s decree.

Decree rformed.